IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM THOMAS COX, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-22-00904-JD |
| ) | |
| DEON CLAYTON, Warden, ) | |
| ) | |
| Respondent. ) | |

# **ORDER**

Before the Court is the Report and Recommendation ("R. & R.") [Doc. No. 7] issued by United States Magistrate Judge Suzanne Mitchell under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

Judge Mitchell recommends that Petitioner William Thomas Cox's Petition for Writ of Habeas Corpus ("petition") [Doc. No. 1] under 28 U.S.C. § 2254 be dismissed because it is untimely and neither statutory nor equitable tolling or equitable exception applies. [Doc. No. 7]. She also recommends that the Court deny as moot Cox's motion to appoint counsel [Doc. No. 5]. Judge Mitchell advised Cox of his right to object to the R. & R. by November 18, 2022. Cox timely objected to the R. & R. on November 16, 2022. [Doc. No. 9].[1]

---

[1] The Court deems the objection filed on the day Cox gave it to prison authorities for mailing. *Price v. Philpot*, 420 F.3d 1158, 1164 n.4 (10th Cir. 2005) (citing *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (per curiam)). Cox mailed his objection on November 16, 2022, and it was received and filed on November 21, 2022. [Doc. No. 9-1]; *see also* Rule 3(d), Rules Governing § 2254 Cases in the United States District Courts ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. . . . .").

Consequently, the Court reviews de novo the objected-to aspects of the R. & R. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Court also liberally construes Cox's pleadings because Cox is proceeding pro se.

Having reviewed the petition and brief in support, R. & R., and objection [Doc. Nos. 1, 6, 7, and 9] under these standards, the Court accepts the R. & R. [Doc. No. 7] and dismisses Cox's action as untimely. The Court also declines to issue a certificate of appealability.

I.  **BACKGROUND**

Cox entered a plea of guilty in the District Court of Cleveland County, Oklahoma, Case No. CF-2016-73, to charges of indecent exposure and making a lewd proposal to a child under sixteen. [Doc. No. 1 at 2; Doc. No. 6 at 1]. The trial court accepted Cox's plea and found him guilty of the charges. On October 12, 2016, the trial court sentenced Cox to concurrent sentences of twelve years' imprisonment. [Doc. No. 1 at 2; Doc. No. 6 at 1]. Cox sought relief in this Court on October 14, 2022. [Doc. No. 1]. In his petition, he argues the state court did not have jurisdiction over his case. *See* [Doc. Nos. 1, 6].

II.  **ANALYSIS**

Construing his objection to the R. & R. liberally, Cox argues that, since "[i]t has long been settled that habeas corpus relief is available to a defendant convicted by a court without jurisdiction," the Court can consider his petition despite its untimeliness. [Doc. No. 9 at 2]. He does not object to Judge Mitchell's proposed findings or

recommendations on when his convictions and sentences became final, when his statute of limitations expired, statutory tolling, and equitable tolling or equitable exception to the one-year limitation period. *See generally id.*; *see also* [Doc. No. 7 at 8–12]. The Court thus accepts the unobjected-to portions of the R. & R. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3).

Cox is correct that "[a]bsence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause." *Yellowbear v. Wyoming Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). But even though Cox's claim attacks the state court's subject matter jurisdiction, "'[a]s with any other habeas claim,'" it "'is subject to dismissal for untimeliness.'" *Murrell v. Crow*, 793 F. App'x 675, 679 (10th Cir. 2019) (unpublished) (quoting *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (unpublished)). *See Owens v. Whitten*, 637 F. Supp. 3d 1245, 1251 (N.D. Okla. 2022), *appeal dismissed*, No. 22-5106, 2022 WL 17972141 (10th Cir. Dec. 28, 2022), *cert. denied*, 143 S. Ct. 1763 (2023) ("First, a claim that the convicting court lacked subject-matter jurisdiction presents a cognizable federal habeas claim, whether it is viewed as a claim alleging a due process violation, or as a claim alleging a violation of 'laws or treaties of the United States.' But, like any other cognizable habeas claim, a claim alleging an absence of jurisdiction in the convicting court is subject to the AEDPA's one-year statute of limitations and may be dismissed as untimely." (citations omitted)); *see also Lamarr v. Nunn*, No. 22-6063, 2022 WL 2678602, at *2 (10th Cir. July 12, 2022) (unpublished) (explaining that "a habeas claim predicated on a convicting court's lack of subject matter jurisdiction 'is subject to dismissal for untimeliness'")

3

(collecting cases).

State court subject matter jurisdiction challenges "must still be timely under AEDPA." *See Pitts v. Nunn*, Case No. CIV-22-00025-JD, 2022 WL 17361487, at *3 (W.D. Okla. Dec. 1, 2022) (collecting cases). Accordingly, the Court overrules Cox's objection and accepts the R. & R.

### III.   APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, Cox must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Cox can satisfy this standard by demonstrating that jurists of reason could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). After considering this Order, the R. & R., and the record, the Court finds that reasonable jurists could not debate the Court's determination that Cox's habeas petition is untimely under § 2244(d)(1)(A). Because Cox cannot make the required showing, the Court declines to issue a certificate of appealability.

## IV. **CONCLUSION**

Accordingly, the Court ACCEPTS the R. & R. issued by United States Magistrate Judge Suzanne Mitchell [Doc. No. 7][2] and DISMISSES Cox's § 2254 action as untimely, which operates by law as a dismissal with prejudice. *See Taylor v. Martin*, 757 F.3d 1122, 1123 (10th Cir. 2014) (denying a certificate of appealability and dismissing the appeal where the district court dismissed with prejudice untimely § 2254 habeas petition); *see also McDowell v. Zavaras*, 417 F. App'x 755, 756–57 (10th Cir. 2011) (unpublished) (explaining that a habeas petition "denied as time-barred" is "a dismissal . . . on the merits") (citing cases). The Court DENIES a certificate of appealability.

IT IS SO ORDERED this 12th day of February 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] As noted in the R. & R., the adoption of the R. & R. moots the order to cure. [Doc. No. 7 at 1 n.1]. The R. & R. also recommends that the Court deny as moot Cox's motion to appoint counsel. [*Id.* at 13]. Cox did not object to either of these recommendations in the R. & R. As a result of this Order accepting the R. & R., the Court denies as moot all other pending motions. *See also* Rule 4, Rules Governing § 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").